**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff-Appellee,<br><br>v.<br><br>Claudio Avila-Saucedo,<br><br>　　　　　　　　Defendant-Appellant. | Case No.: 19-mj-23220-DMS<br><br>**ORDER AFFIRMING JUDGMENT OF CONVICTION** |

　　Pending before the Court is Defendant-Appellant Claudio Avila-Saucedo's ("Defendant") appeal from his misdemeanor conviction for attempted improper entry in violation of 8 U.S.C. § 1325(a)(1). In 2019 Defendant pled guilty before a magistrate judge pursuant to a plea agreement. (ECF No. 5.) He timely appealed to this Court, (ECF No. 9), and filed his opening brief in November 2019, (ECF No. 14). The United States responded in December 2019. (ECF No. 17.) And Defendant replied. (ECF No. 19.) The Court finds this matter appropriate for decision without oral argument. For the reasons below the Court affirms the conviction.

**I.　　BACKGROUND**

　　In early August 2019 Defendant crossed the border from Mexico to the United States. (ECF No. 1 at 2.) A few days later, on August 5th, Border Patrol Agent N.

1

Sangunitto encountered Defendant a few miles away from the border and the Ottay Mesa, California Port of Entry. (*Id.*) Agent Sangunitto identified himself and questioned Defendant. (*Id.*) Defendant stated that he was a Mexican citizen and with no legal status in the United States. (*Id.*) In response, Agent Sanunitto arrested Defendant. (*Id.*) Subsequently, the United States charged Defendant with attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1). (*Id.* at 1.)

Four days later Defendant attended a change of plea hearing before Magistrate Judge Gossett. Judge Gossett engaged in a Rule 11 colloquy with Defendant. During the colloquy Judge Gossett advised Defendant of the four elements of attempted unlawful entry. Defense counsel objected that knowledge of alienage is a fifth element to the Section 1325 offense and that Judge Gossett failed to advise Defendant of that fifth element. Judge Gossett overruled the objection and at the end of the colloquy Defendant pleaded guilty. The Court accepted his guilty plea and sentenced him to time served.

## II. STANDARD OF REVIEW

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. A district court's review of a magistrate judge's decision "has the same scope as the court of appeals' review of a district court." *United States v. Mateo-Martinez*, No. 19-MJ-23373-MSB-GPC, 2024 WL 112495, at *2 (S.D. Cal. Jan. 10, 2024), *appeal docketed*, No. 24-257 (9th Cir. Jan. 16, 2024) (citing Fed. R. Crim. P. 58(g)(2)(D)). The Court reviews the magistrate judge's legal conclusions de novo, *United States v. Biotronik, Inc.*, 876 F.3d 1011, 1016 (9th Cir. 2017), and its findings of fact for clear error, *United States v. Brobst*, 558 F.3d 982, 998 (9th Cir. 2009).

## III. DISCUSSION

Defendant argues that this Court must vacate his guilty plea for three reasons: (A) Section 1325(a)(1) violates the non-delegation doctrine; (B) Section 1325(a)(1) is unconstitutionally vague; and (C) his guilty plea violated Federal Rule of Criminal

Procedure 11 because the magistrate judge did not advise him that knowledge of alienage is an element of his offense. Explained below, the Court rejects each of these arguments because they are foreclosed by binding precedent.

### A.   Non-delegation

First, Defendant argues that this Court must vacate his plea to Section 1325(a)(1) because that statute violates the non-delegation doctrine.  The Ninth Circuit rejected this argument during the pendency of this appeal.  *See United States v. Melgar-Diaz*, 2 F.4th 1263, 1269 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 813 (2022) ("Consistent with Supreme Court precedent, § 1325(a)(1) does not violate the non-delegation doctrine."). Accordingly, the Court denies Defendant's appeal on this ground.

### B.   Vagueness

Second, Defendant argues that this Court must vacate his plea because Section 1325 is unconstitutionally vague.  It is not clear whether Defendant is making a facial or as-applied challenge to Section 1325.  Regardless, both types of challenges are foreclosed by precedent.  In *Melgar-Diaz* the Ninth Circuit rejected a facial challenge to Section 1325. *Id.* at 1270 ("The defendants' facial vagueness challenge to § 1325(a)(1) must fail, when as here, the statute 'provides both sufficient notice as to what is prohibited and sufficient guidance to prevent against arbitrary enforcement.'").  The Ninth Circuit also rejected an as-applied challenge to Section 1325(a)(1).  *Id.* at 1269 (rejecting as-applied challenge when "both defendants were arrested in isolated areas miles away from any port of entry. Their conduct fell within the heartland of what § 1325(a)(1) prohibits.").  Moreover, the facts of *Melgar-Diaz* and this case are nearly identical.  In each the defendants were arrested in isolated areas miles from the nearest port of entry.  *Compare id.* (defendants arrested miles from nearest port of entry), *with* (ECF No. 1 at 2) (Defendant arrested miles from nearest port of entry).  As a result, the Court will also deny Defendant's vagueness argument.

### C. Rule 11

Third, Defendant argues that knowledge of alienage is an element of the underlying offense and the magistrate judge erred in failing to advise him of the elements of the charged crime. However, the Ninth Circuit foreclosed this argument in *United States v. Rizo-Rizo*, 16 F.4th 1292, 1299 (9th Cir. 2021) ("We therefore hold that knowledge of alienage is not an element of § 1325(a)."). Thus, the Court rejects Defendant's final argument because it is foreclosed by binding precedent.

## IV. CONCLUSION

For the reasons stated above, the Court **AFFIRMS** the judgment of conviction.

**IT IS SO ORDERED**.

Dated: June 25, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court